UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHREEM PERRY,

                           Plaintiff,

            -against-

JOHN DOE #1; JOHN DOE #2;
JOHN DOE #3,

                          Defendants.

24-CV-8438 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

      Plaintiff, who currently is incarcerated at Elmira Correctional Facility and proceeding *pro se*, brings this action under 42 U.S.C. § 1983. He challenges visual body cavity searches conducted at the Manhattan courthouse at 100 Center Street, during his pretrial detention from 2021 to 2023. By order dated January 29, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## DISCUSSION

      Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff may supply sufficient information to permit the New York City Department of Correction (DOC) to identify the three John Doe officers who conducted visual body cavity searches on Plaintiff upon arrival at 100 Center Street on dates in 2021, 2022, and 2023 that are specified in the complaint. John Doe #1 is described in the complaint as a "male Hispanic, stout with a clean shaven head and face," and John Does #2 and #3 are described as African-American males. (ECF 1 at 10.)

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the New York City DOC, must ascertain the identity and badge number of each John Doe officer whom Plaintiff seeks to sue here and the address where each defendant may be served.[2] The New York City Law Department must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form for Plaintiff to complete after receiving this information is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order asking Defendants to waive service.

## CONCLUSION

The Clerk of Court is directed to mail Plaintiff: (1) an information package; and (2) an Amended Civil Rights Complaint form. The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street New York, NY 10007.

Dated:   January 30, 2025
         New York, New York

                                              LEWIS J. LIMAN
                                              United States District Judge

---

[2] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, instead of personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.