UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

KAHREEM PERRY,

                                      Plaintiff,                    24-CV-8438 (LJL)

         -against-                                    ORDER

JOSE VALDEZ, SHIELD NO. 7605,

                                      Defendant.

---------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

        This action was referred to the undersigned for settlement on October 14, 2025. See ECF No. 23. For the reasons set forth below, the Court *sua sponte* directs the Clerk of Court to seek *pro bono* counsel to enter a limited appearance for the purpose of assisting Plaintiff with settlement efforts in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

        Under the *in forma pauperis* ("IFP") statute, a court "may request an attorney to represent any person unable to afford counsel." Davidson v. Off. of Ct. Admin., No. 22-CV-8936 (PGG) (VF), 2023 WL 4409865, at *1 (S.D.N.Y. June 5, 2023) (quoting 28 U.S.C. § 1915(e)(1)). Importantly, "a court has no authority to appoint counsel to represent the indigent litigant, instead the [IFP] statute 'merely empowers a court to request an attorney to represent a litigant proceeding *in forma pauperis*.'" Philippeaux v. Dep't of Veterans Affs., No. 24-CV-8732 (MKV), 2025 WL 1019305, at *2 (S.D.N.Y. Apr. 4, 2025) (quoting Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa, 490 U.S. 296, 301-02 (1989)). The Court may request *pro bono* counsel

*sua sponte*, even where, as here, Plaintiff has not filed a motion for the appointment of counsel. See Colson v. Mingo, No. 18-CV-2765 (JGLC), 2024 WL 1018582, at *25 (S.D.N.Y. Mar. 8, 2024) (citing Gunter v. Comm'r of Soc. Sec., 361 F. App'x 197, 200 (2d Cir. 2010)) (granting plaintiff *pro bono* counsel *sua sponte*).

Courts have "broad discretion," Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986), in deciding whether to seek *pro bono* counsel for a civil litigant pursuant to the IFP statute, Davidson, 2023 WL 4409865, at *1. The factors to be considered in appointing *pro bono* counsel include (1) the merits of the case, (2) plaintiff's ability to pay for private counsel, (3) plaintiff's efforts to obtain a lawyer, (4) the availability of counsel, and (5) plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel. See Cooper v. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Id.

## DISCUSSION

All of the factors to be considered in appointing *pro bono* counsel weigh in Plaintiff's favor. Plaintiff, who is currently incarcerated at Elmira Correctional Facility and proceeding *pro se*, commenced this civil rights action on November 1, 2024, against three John Doe officers. See ECF No. 1. On January 30, 2025, the Honorable Lewis J. Liman issued an Order pursuant to Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997), directing the New York City Law Department to ascertain the identities and badge numbers of the John Does. See ECF No. 6 at 1-2. Plaintiff subsequently filed an amended complaint (ECF No. 14) and then a second amended complaint that now identifies those officers (see ECF No. 22 at 1).

Plaintiff is asserting a claim under 42 U.S.C. § 1983 for alleged violations of his constitutional rights based on a series of invasive strip and cavity searches that he underwent

2

while being transported between Rikers Island and the courthouse at 100 Centre Street in Manhattan. See ECF No. 22 at ¶¶ 3-6; 8-9. At this preliminary stage of the proceeding, it appears that "Plaintiff's claims are 'likely to be of substance,' and that representation would 'lead to a quicker and more just result by sharpening the issues'" for a potential settlement. Davidson, 2023 WL 4409865, at *2 (quoting Hodge, 802 F.2d at 61-62). Additionally, Plaintiff is demonstrably indigent and unable to pay for counsel, given that he was granted IFP status on January 29, 2025. See ECF Nos. 2, 9. Moreover, Plaintiff is also incarcerated, which can "complicate[ ] efforts both to raise funds and to find an attorney." See Batista v. Leclair, No. 17-CV-1994 (KPF), 2020 WL 8678076, at *1 (S.D.N.Y. July 8, 2020). Finally, counsel will be crucial in assisting Plaintiff to understand his rights and value his claims, and communicating his factual and legal positions during a settlement conference with Defendants. See id. at *2 (granting request for *pro bono* counsel for settlement and explaining that "the[ ] [settlement] discussions would proceed more efficiently, and more fairly, if Plaintiff were to receive advice from *pro bono* counsel").

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff for the limited purpose of assisting Plaintiff with settlement negotiations and representing him at any settlement conference before this Court. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly.

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff at the address listed on the docket.

**SO ORDERED.**

DATED:   October 16, 2025
        New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge